# Supreme Court of Florida

_____

No. SC18-1554
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION—PARENTAL LEAVE**.

December 19, 2019
<u>**CORRECTED OPINION**</u>

PER CURIAM.

The Florida Bar's Rules of Judicial Administration Committee (RJA Committee) has submitted, for the Court's consideration, new Florida Rule of Judicial Administration 2.570 (Parental-Leave Continuance). *See* Fla. R. Jud. Admin. 2.140(f)(1). We have jurisdiction[1] and adopt a modified version of the parental-leave continuance rule that was submitted.

## BACKGROUND

At the Court's request, the RJA Committee submitted a draft parental-leave continuance rule for the Court's consideration. New rule 2.570, as drafted by the Committee, provided that a court must grant a motion for continuance based on the

---

1. Art. V, § 2(a), Fla. Const.

parental leave of a lead attorney, if the motion is made within a reasonable time of certain events, unless another party demonstrates substantial prejudice. The draft rule also provided three months as the presumptive maximum length of a continuance granted under the rule. A majority of the RJA Committee opposed the adoption of a parental-leave continuance rule, while a minority of the Committee supported the adoption of the draft rule. The Board of Governors of The Florida Bar also supported the adoption of the draft rule.

Before the RJA Committee submitted the draft rule to the Court, the Committee received one comment opposing the rule, two comments supporting the rule, and one comment from the Juvenile Court Rules Committee opposing application of the rule in juvenile proceedings. After the Committee submitted the draft new rule to the Court, the Court published the rule for comment. The majority of the comments received by the Court strongly support the adoption of the new rule. One attorney filed a comment opposing the adoption of a parental-leave continuance rule. The Department of Children and Families (DCF), the Statewide Guardian ad Litem Program (GAL), and the Florida Public Defender Association, Inc. (FPDA) filed comments opposing the application of the draft rule in criminal, juvenile, and dependency proceedings.

In its response to the comments, the RJA Committee offered a revised rule that exempts criminal, juvenile, and involuntary civil commitment of sexually

violent predator cases from the requirements of the rule and provides that a motion for a continuance based on parental leave in those types of cases is governed by rule 2.545(e) (Continuances) and by any applicable rule of procedure governing those proceedings. The revised rule further requires the court to use existing discretion to provide a reasonable accommodation when a parental-leave continuance is requested in an exempt proceeding. The Board of Governors approved the revised rule by a vote of 36-1. After the Court published the revised rule, FPDA filed a comment supporting the revised rule and DCF filed a comment stating it has no objection to the revised rule. The Juvenile Court Rules Committee filed a comment stating the revisions to the rule are acceptable, but it objects to the use of the term "lead attorney" in the revised rule. The attorney who opposed the original draft of the rule filed a comment opposing the revised rule. The GAL opposes the revised rule because of concerns that the added language about a court exercising discretion to reasonably accommodate a parental-leave request could result in unauthorized delays in dependency cases.

After considering the RJA Committee's revisions to the rule, the Committee's majority and minority positions, the Board of Governors' strong support of a parental-leave continuance rule, and the other comments filed with the Court, and having heard oral argument, we adopt new rule 2.570, with several modifications.

As adopted, subdivision (a) of new rule 2.570 requires that absent a finding of one or more of the reasons listed in the rule, a court must grant a timely motion for continuance based on the parental leave of the movant's lead attorney, due to the birth or adoption of a child, if the motion is made within a reasonable time after the later of the movant's lead attorney learning of the basis of the continuance, or the setting of the proceeding(s) or the scheduling of the matter(s) for which a continuance is sought. Subdivision (b) of the new rule sets forth the requirements for the motion. Subdivision (c) of the rule provides the presumptive three-month maximum length of a continuance granted under the rule. Subdivision (d) of the rule addresses the burden of proof. Subdivision (e) of the rule addresses the court's discretion to deny the motion or to grant a continuance different in scope or duration than requested. That subdivision also requires the court to enter a written order setting forth its ruling and the specific grounds for the ruling. Subdivision (f) of the rule exempts criminal, juvenile, and involuntary civil commitment of sexually violent predator cases from the requirements of the new rule and provides that a motion for a parental-leave continuance in those types of cases is governed by rule 2.545(e) (Continuances) and any applicable rule of procedure. That subdivision further provides that in juvenile dependency and termination of parental rights proceedings, a motion for a parental-leave continuance is governed by Florida Rule of Juvenile Procedure 8.240(d) (Continuances and Extensions of

Time). Finally, in light of the modifications to the RJA Committee's revised rule, we have omitted the suggested committee note.

Accordingly, we adopt new Florida Rule of Judicial Administration 2.570, as reflected in the appendix to this opinion. The new rule shall become effective January 1, 2020, at 12:01 a.m. The Court thanks the RJA Committee, the Board of Governors of The Florida Bar, and all those who submitted comments for assisting the Court in crafting the new parental-leave continuance rule.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Josephine Gagliardi, Chair, Rules of Judicial Administration, Fort Myers, Florida, and Eduardo I. Sánchez, Past Chair, Rules of Judicial Administration, Miami, Florida; and Joshua E. Doyle, Executive Director, Krys Godwin and Mikalla Davis, Bar Liaisons, The Florida Bar, Tallahassee, Florida,

for Petitioner

Catherine Cole of Katz & Doorakian Law Firm, West Palm Beach, Florida; Theodore F. Greene, III, of Law Office of Theodore F. Greene, LC, Orlando, Florida; Glen P. Gifford, Assistant Public Defender, on behalf of Florida Public Defender Association, Inc., Second Judicial Circuit, Tallahassee, Florida; Tara Scott Lynn of Law Offices of Tara J. Scott PA, Oldsmar, Florida; Jane West of Jane West Law, P.L., St. Augustine, Florida; Erin L. Deady of Erin L. Deady, P.A., Delray Beach, Florida; Stephanie C. Zimmerman, Deputy Director and Statewide Director of Appeals, on behalf of Department of Children and Families – Children's Legal Services, Bradenton, Florida; Kimberly Kanoff Berman of Marshall Dennehey Warner Coleman & Goggin, Fort Lauderdale, Florida; Abbe Sheila Rifkin, on behalf of the Board of Directors, Broward County Women Lawyers Association, Fort Lauderdale, Florida; John M. Stewart, President, Vero Beach, Florida, Michelle Renee Suskauer, Past President, West Palm Beach, Florida, Dori Foster-Morales, President-elect, Florida Board of Governors, Miami, Florida, and Santo DiGangi, President, West Palm Beach, Florida, Christian George, Past President, Jacksonville, Florida, and Lara Bueso Bach, on behalf of The Young Lawyers Division of The Florida Bar, Miami, Florida; Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida; Susan V. Warner, Member, Rules of Judicial Administration Committee, Miami, Florida; David R. Bear of Marshall Dennehey Warner Coleman & Goggin, Orlando, Florida; Amanda R. Jesteadt and Christa L. McCann, on behalf of Palm Beach County Chapter, Florida Association for Women Lawyers, West Palm Beach, Florida; Kyleen Hinkle, Ormond Beach, Florida, and Jennifer Shoaf Richardson, on behalf of Florida Association of Women Lawyers, Jacksonville, Florida; Alan F. Abramowitz, Executive Director, Dennis W. Moore, General Counsel, and Thomasina F. Moore, Director of Appeals, on behalf of Statewide Guardian ad Litem Program, Tallahassee, Florida; Michelle Browning Coughlin, on behalf of MothersEsquire, Inc., Louisville, Kentucky; and David Neal Silverstein, Chair, Juvenile Court Rules Committee, on behalf of Children's Legal Services, Bradenton, Florida,

Responding with comments

# APPENDIX

## RULE 2.570.        PARENTAL-LEAVE CONTINUANCE

**(a)    Generally.** Absent one or more of the findings listed in subdivision (e) of this rule, a court shall grant a timely motion for continuance based on the parental leave of the movant's lead attorney in the case, due to the birth or adoption of a child, if the motion is made within a reasonable time after the later of:

(1)    the movant's lead attorney learning of the basis for the continuance; or

(2)    the setting of the specific proceeding(s) or the scheduling of the matter(s) for which the continuance is sought.

**(b)    Contents of Motion.** A motion filed under this rule shall be in writing and signed by the requesting party. The motion must state all of the following:

(1)  The attorney who is the subject of the motion is the movant's lead attorney.

(2)  The facts necessary to establish that the motion is timely.

(3)  The scope and length of the continuance requested.

(4)  Whether another party objects to the motion.

(5)  Any other information that the movant considers relevant to the court's consideration of the motion.

**(c)    Presumptive Length.** Three months is the presumptive maximum length of a parental-leave continuance absent a showing of good cause that a longer time is appropriate.

**(d)    Burden of Proof.** If the motion is challenged by another party that makes a prima facie demonstration of substantial prejudice, the burden shall shift to the movant to demonstrate that the prejudice to the requesting party caused by

the denial of the motion exceeds the prejudice that would be caused to the objecting party if the requested continuance were granted.

**(e)  Court's Discretion; Order.**  It is within the court's sound discretion to deny the motion or to grant a continuance different in scope or duration than requested, if the court finds that:

(1)  another party would be substantially prejudiced by the requested continuance; or

(2)  the requested continuance would unreasonably delay an emergency or time-sensitive proceeding or matter.

The court shall enter a written order setting forth its ruling on the motion and the specific grounds for the ruling.

(**f**)  **Criminal, Juvenile, and Involuntary Civil Commitment of Sexually Violent Predators Cases.**  In a case governed by the Florida Rules of Criminal Procedure, by the Florida Rules of Juvenile Procedure, or by the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, a motion for continuance based on the parental leave of the lead attorney is governed by rule 2.545(e) and by any applicable Florida Rule of Criminal Procedure, Florida Rule of Juvenile Procedure, or Florida Rule of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, rather than by this rule, except that in a case governed by Part III of the Florida Rules of Juvenile Procedure, a motion for continuance based on the parental leave of the lead attorney is governed by Florida Rule of Juvenile Procedure 8.240(d).